HARRIS, Chief Judge.
Appellant, Colonial Acquisitions, Inc., timely appeals from a final judgment in favor of Neva Titus, Gordon Titus, Bebe Bates, and JAB/SLW Holding, Inc. finding that appel-lees were entitled to an easement for ingress and egress over appellant’s property. We reverse.
It was appellees’ position before the trial court that since they had been permitted to use the easement across appellant’s property for over twenty years, particularly to reach the rear of their property, that they should be permitted to continue its use either under the theory of express easement or prescriptive easement or easement of necessity.
Although the trial judge did not state the basis on which he determined that appellees were entitled to the easement, the record is clear that he did not find an express easement. With this we agree. The proper construction of a grant of easement must be arrived at by looking at what the original parties, as well as their successors in title, intended as manifested by the circumstances and the actions and statements of the people involved. Diefenderfer v. Forest Park Springs, 599 So.2d 1309 (Fla. 5th DCA 1992), rev. denied, 613 So.2d 4 (Fla.1992). The evidence presented in this ease shows that no express easement, either to appellees or to the public generally, was ever intended.
The trial court, in finding that the appel-lees had an easement, must have relied on either a prescriptive easement or an easement of necessity. Both theories must fail. The prescriptive easement fails because the nature of the appellees’ use was neither adverse nor hostile. To the contrary, appellees used the easement with the owner’s consent and in subordination to the owner’s title. The easement of necessity must also fail because appellees’ property fronts on Highway 50. The fact that appellees voluntarily closed off access to the highway does not establish that no legal access is available.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
GRIFFIN, J., concurs specially in result only, without opinion.